UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JANICE PARSON,

      Plaintiff,

vs.

MIDLAND FUNDING LLC,

      Defendant.

_____/

# COMPLAINT

**COMES NOW**, the Plaintiff, JANICE PARSON, by and through undersigned counsel, and brings this action against the Defendant, MIDLAND FUNDING LLC ("MIDLAND"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA").

2. The FDCPA prevents debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial

FD-2517

questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c)

4.      Venue in this District is proper because Defendant does business and files lawsuits in this District, and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

5.       At all times relevant to this Complaint, Defendant, MIDLAND was and is a foreign limited liability company, formed under the laws of the State of Deleware, and has its principal place of business in California.

6.      At all times relevant to this Complaint, MIDLAND regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

7.      At all times relevant to this Complaint, MIDLAND regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

8.      At all times relevant to this Complaint, MIDLAND was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9.      At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3), and/or a person with standing to bring a claim under the FDCPA by

*FD-2517*

virtue of being directly affected by violations of the Act.

10. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

## BACKGROUND AND GENERAL ALLEGATIONS

11. Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a personal credit card issued by Lowe's.

12. On November 6, 2015, MIDLAND commenced proceedings in Palm Beach Circuit Court, in the case styled *MIDLAND FUNDING LLC ASSIGNEE OF GE MONEY BANK/LOWE'S v. JANICE PARSON,* and bearing Case No.: 2015 SC 010041 ("the Proceeding"), due to an unpaid principal balance on the subject credit card.

13. A true and correct copy of the Complaint filed in the Proceeding is attached and incorporated herein as Exhibit "A".

14. However, Plaintiff did not sign any contract sued upon regarding the subject credit card in the judicial district of the Proceeding.

15. Furthermore, Plaintiff did not reside in the Proceeding's judicial district at its commencement.

## COUNT I-VIOLATION OF FDCPA: 15 USC 1692(i)

16. Plaintiff repeats, realleges and incorporates by reference paragraphs 1

FD-2517

through 15.

17. 15 U.S.C. §1692(i) states:

(a) Venue Any debt collector who brings any legal action on a debt against any consumer shall—
(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
(A) in which such consumer signed the contract sued upon; or
(B) in which such consumer resides at the commencement of the action.

18. On November 6, 2015, Defendant commenced the Proceeding in a judicial district where neither the contract sued upon was signed by Plaintiff, nor in a judicial district where Plaintiff resided at the commencement of the Proceeding.

19. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. 1692(i).

20. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

21. Plaintiff has hired Loan Lawyers, LLC, to represent her in this action

*FD-2517*

and has agreed to pay a reasonable attorney's fee.

22.    Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorneys fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, MIDLAND FUNDING LLC, for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JANICE PARSON, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Kevin L. Lewis*
KEVIN L. LEWIS, ESQ.
Florida Bar Number: 101124
E-mail: kevin@floridaloanlawyers.com
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave. 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786

*FD-2517*